UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| RODNEY LEON BROWN, #1144890, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 2:15cv138 |
| | : | |
| HAROLD W. CLARKE, | : | |
| Director, Virginia Department | : | |
| of Corrections, | : | |
| | : | |
| Respondent. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rodney Leon Brown, a Virginia inmate, filed a pro se habeas petition pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure, this case was referred to the undersigned Magistrate Judge. Because the petition is time-barred and lacks merit, the undersigned recommends that the Respondent's Motion to Dismiss, (ECF No. 10), be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED with prejudice.

## I. STATEMENT OF THE CASE

Brown was convicted of two counts of robbery, two counts of use of a firearm in commission of a felony, and the unlawful wearing of a mask. Commonwealth v. Brown, No. CR04002036-00 (Va. Cir. Ct. Feb. 2, 2005). The Virginia Beach Circuit Court sentenced him to forty-three years imprisonment, but eventually suspended seventeen years of the sentence. (Mem. of Law and Facts in Support of Writ of Habeas Corpus ¶ 2, ECF No. 1). He became a

1

state responsible offender on March 17, 2005.[1]  (Wendy Brown Aff. ¶ 8, ECF No. 11-2).  Upon

his incarceration, Brown began earning good time credit under the Earned Sentence Credit

("ESC") system pursuant to Virginia Code § 53.1-202.2.  (Wendy Brown Aff. ¶ 8, Enc. A).  A

sentence summary showing Brown's earning class system as ESC was generated and sent to him

on September 28, 2005.  (Wendy Brown Aff. ¶ 8, Enc. A).  Each year the Virginia Department of

Corrections ("VDOC") conducts a review to determine an individual's class level for purposes of

earning ESC credit.  (Mem. ¶ 12).  Brown's most recent annual review was on March 20, 2014.

(Mem. ¶ 5; Wendy Brown Aff. ¶ 9).

Brown filed his first habeas petition with the Supreme Court of Virginia on July 17,

2014.  Brown v. Clarke, No. 141097 (Va. Oct. 6, 2014).  The state petition asserted that Brown

was denied the opportunity to earn good time credit under the Good Conduct Allowance

("GCA") system pursuant to Virginia Code § 53.1-199.  The GCA was a more generous

statutory predecessor to the Earned Sentence Credit ("ESC") system under which Brown earns

good time credit.  The Court denied and dismissed Brown's petition for a writ of habeas corpus

on Oct. 6, 2014, because he did not file it within one year after the cause of action accrued.

Brown, No. 141097; see Va. Code Ann. § 8.01-654(A)(2) (2005); Va. Sup. Ct. R. 5:7(a)(1).

Brown then filed this federal petition on April 2, 2015.  As in his state petition, Brown

alleges that he was denied the right to earn good time credit under the GCA system.

Specifically, he contends that "[t]he Virginia General Assembly and Governors . . . passed and

enforced a law . . . which impairs their obligation to a contract . . . but [ ] have also abridged a

---

[1] The definition of a "state responsible offender" has changed over time.  In this case, it refers to a person convicted of at least one felony with a sentence greater than or equal to one year.  State Responsible Offender Demographic Profile FY 2013, Virginia Department of Corrections, at ii (Nov. 2014), available at http://vadoc.virginia.gov/about/facts/research/VADOCDemographicReportFY2013.pdf.

privilege and disqualified Plaintiff for eligibility [ ] for GCA with the implementation of [ESC] without due process of law." (Mem. ¶ 29).

On June 9, 2015, Respondent timely filed an answer and motion to dismiss in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. (ECF No. 10). Respondent argues that Brown's claims are time-barred and without merit. (ECF No. 11). Respondent notified Brown of his opportunity to oppose the Motion to Dismiss and the consequences for failing to do so. (Roseboro Notice, ECF No. 12); see Local Rule 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Brown requested and received an extension of time to respond, (ECF Nos. 13, 14), but as of this date has not responded.[2]

Brown's response makes a variety of interesting claims to argue that he is entitled to the more beneficial good time credits formerly available under the GCA system. He first argues that Virginia created a "quasi-contract" when it enacted Virginia Code § 53.1-199 in 1981 establishing the GCA system. (Mem. ¶ 11-20). He further alleges that Virginia has benefited from his good conduct, "without paying for the value of such conduct," creating a cause of action for unjust enrichment. (Mem. ¶ 17). Next, Brown argues that Virginia "made and enforced a law"—the ECA system—"which abridges [his] privilege to earn good conduct allowance (GCA) under Virginia Code § 53.1-202.2." (Mem. ¶ 20). This violation, he alleges, has occurred at every annual review, the process which determines an individual's class level for earning good time credit. (Mem. ¶ 20). Lastly, Brown argues that Virginia violated the Due Process Clause of the Fourteenth Amendment. (Mem. ¶ 21). Citing Wolf v. McDonnell, 418 U.S. 539, 557 (1974), he claims that because the Virginia General Assembly created the right to earn good time

---

[2] Brown apparently filed a second request for an extension of time, (ECF No. 15), after the Court's order granting his first request but before its due date of July 20, 2015. (ECF No. 14). It is not clear whether Brown had received the Court's first extension order, but to the extent Brown's second pleading seeks a further extension, it offers no reason or basis to justify one and is therefore DENIED.

credit under the GCA system, it deprived him of that right without due process of law in violation of the U.S. Constitution by only allowing him to earn good time credit under the later-enacted ESC system. (Mem. ¶ 21). These claims find no support in Virginia or federal law. In addition, each is barred by the statute of limitations.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Brown's habeas petition is barred by the relevant statute of limitations. An individual alleging a violation of federal rights with regard to a state conviction must file a writ of habeas corpus in federal court no later than one year after the judgment becomes final or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[3] 28 U.S.C. § 2244(d)(1). A judgment becomes final when the time for pursuing an appeal to that judgment expires. Id. A timely-filed, active state post-conviction proceeding will toll the statute of limitations until the state proceeding is terminated. 28 U.S.C. § 2244(d)(2).

In this case, the statute of limitations on Brown's federal petition started to run on May 15, 2006, thirty days after the Court of Appeals of Virginia denied his petition for appeal. Brown v. Commonwealth, No. 1810-05-1 (Va. Ct. App. Apr. 14, 2006); see Va. Code Ann. § 8.01-671(C); Va. Sup. Ct. R. 5:14(a). Absent tolling, Brown needed to file his federal habeas petition no later than May 15, 2007. See Va. Code Ann. § 8.01-654(A)(2). Brown did not file his state habeas petition with the Supreme Court of Virginia until July 17, 2014, nearly seven years after the federal limitations period concluded. As a result, his state habeas petition did not toll the federal statute of limitations. See Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000); Edwards v. Warden, 2013 WL 4040393 at *2 (E.D. Va. Aug. 8, 2013). Brown's federal habeas

---

[3] There are two other possible dates set forth in § 2244(d)(1) that could start the running of the statute of limitations, but the statute requires the use of the lattermost date. See § 2244(d)(1)(B) and (C). Because the other possible dates could not be the lattermost applicable date, this report does not consider them.

petition, filed on April 2, 2015, exceeded the one-year statutory deadline—May 15, 2007—by nearly eight years.

Brown argues that "the factual predicate of the claim can be found at every annual review where the law implemented in 1995 [ ] is reapplied . . . ." (Mem. ¶ 11). Thus, he claims a continuing violation which gives rise to a new one year-period each time he received notice of his classification. See 28 U.S.C. § 2244(d)(1)(D). This is incorrect. After Brown became a state responsible offender in March 2005, he received a sentence summary confirming that he was earning good time credit under the ESC system. (Wendy Brown Aff. ¶ 8). As Brown recognizes, VDOC has conducted its review annually, (Mem. ¶ 12), and he was notified each year that he was receiving good time credit under the ESC system. (Wendy Brown Aff. ¶ 8, 9). Importantly, Brown's designation did not change. (Wendy Brown Aff. ¶ 8). As a result, each notice did not amount to a new "factual predicate," only a reminder of a factual predicate which existed since he began serving his sentence in 2005. Because Brown knew that he was earning good time credit under the ESC system, the factual predicate of his claim had already occurred and the statute of limitations has run. Thus, Brown's claim is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(D).

In addition to being late, Brown's claim also lacks merit. Brown argues that he should receive the opportunity to earn credit under the Good Conduct Allowance (GCA) system. He further alleges that the Virginia General Assembly and governors who have since enforced the ESC system violated Article I's Contracts Clause and the Fourteenth Amendment's Privileges and Immunities and Due Process Clauses by passing and enforcing the ESC system and limiting the application of the GCA system in 1994. (Mem. ¶ 11-19, 20-28); see Va. Code Ann. §§ 53.1-202.1 and 53.1-202.2.

5

The GCA system involved a more generous good time allowance, permitting persons "convicted of a felony or a misdemeanor on or after July 1, 1981," to earn up to thirty days credit for every thirty days served. Va. Code Ann. § 53.1-199; see id. § 53.1-201 (defining the classification system for GCA). But in 1994, the GCA system was significantly revamped. The new ESC system was implemented and applied to "felony offense[s] committed on or after January 1, 1995." Va. Code Ann. § 53.1-202.2. Under the new system, persons eligible for ESC could earn "a maximum of four and one-half sentence credits . . . for each 30 days served" substantially reducing the number of good time credits individuals can earn in a given time period. Va. Code Ann. § 53.1-202.3.

In his petition, Brown admits that he was tried and convicted no later than February 2005. (Mem. ¶ 2). The Court of Appeals of Virginia subsequently denied his appeal in November 2005, and he never sought further appeal. (Mem. ¶ 3, 4). Because Brown is not serving a sentence for a felony committed before January 1, 1995, he was never entitled to earn good time credits under the GCA system. See Va. Code Ann. § 53.1-202.1 (limiting application of GCA). Further, Brown had notice that he was earning good time credit under the ESC system. VDOC prepared and delivered a sentence summary to Brown which stated that he was earning credit under the ESC system. (Wendy Brown Aff., Encl. A). As long as Virginia Code §§ 53.1-202.2 through 202.4 remain in force, Brown will earn credit under the ESC system. (Wendy Brown Aff. ¶ 12). Brown is not eligible to earn good time credit under the GCA system, because he was convicted of the felony underlying his sentence after January 1, 1995.

## III. RECOMMENDATION

Brown's habeas petition is time-barred in accordance with the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). It also fails to state a plausible claim for habeas relief.

Accordingly, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus be DENIED and DISMISSED with prejudice.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.     A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 22, 2015

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Rodney Leon Brown, #1144890
Lawrenceville Correctional Center
1607 Planter's Road
Lawrenceville, VA 23868

Kate Elizabeth Dwyre
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
              Deputy Clerk

July 22, 2015

8